Kelli D. Burritt, Esq. SBN 192397
kelli@wmlawyers.com
**WINER, BURRITT & TILLIS LLP**
21700 Oxnard, Suite 2070
Woodland Hills, California 91367
Telephone: (818) 697-6201
Fax: (877) 641-0824

Brian P. Sanford, Esq., Pro Hac Vice, Tex. SBN 17630700
bsanford@sanfordfirm.com
**THE SANFORD FIRM**
1910 Pacific Avenue, Suite 15400
Dallas, Texas 75201
Tel (214) 717-6653
Fax (214) 919-0113

Attorneys for Plaintiffs
*Defendants' counsel on following page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| United States of America and the State of California *ex rel*, Regie Salgado and Melinda Zambrano, <br><br> Plaintiffs, <br><br> v. <br><br> TruConnect, Matthew Johnson, and Nathan Johnson, <br><br> Defendants. | **Case No. CV16-03767 PSG (FFMx)** <br><br> **JOINT DISCOVERY PLAN** <br><br> Pursuant to 31 U.S.C. § 3729 *et seq.,* the California False Claims Act, Cal. Gov't code § 12650 *et seq*., and the Common Law of California <br><br> JURY TRIAL DEMANDED |

Benjamin N. Gluck – SBN 203997
  bgluck@birdmarella.com
Paul S. Chan – SBN 183406
  pchan@birdmarella.com
Julia B. Cherlow – SBN 290538
  jcherlow@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants TruConnect
Communications, Inc., Matthew Johnson
  and Nathan Johnson

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, counsel for Relators and Defendants last conferred on May 18, 2021, and now file this joint report:

## Discovery Plan

(i) Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

The Parties agree that initial disclosures should proceed 30 days after Defendants answered the remaining claims in the Third Amended Complaint ("TAC"), namely on May 27, 2021.

(ii) Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

Plaintiffs' Position
Discovery will be needed on:

- Plaintiffs' claims for wrongful termination in retaliation for protected activity
- Related to protected activity including violations or possible violations of the law
- Good faith basis for the reports and whether there were actual violations, prior history of violations or reports of violations
- Documents and communications related to violations and reports of violations
- The employment of Plaintiffs
- Communications and documents regarding Plaintiffs' employment
- Communication and documents related to Plaintiffs' comparators
- Damages to Plaintiffs
- Net worth of Defendants

Plaintiffs propose a discovery deadline of January 28, 2022.

Defendants' Position

Defendants intend to seek discovery concerning the individual plaintiffs' alleged employment claims. Specifically, Defendants seek discovery on the following:

- Plaintiffs' employment records in their possession, custody and control, including any evidence that they were ever employed by, or terminated by, Defendants;
- Plaintiffs' evidence that they were engaged in any allegedly protected activities, including but not limited to any evidence of Plaintiffs' purported analyses or other studies of Defendants' purported "data" with respect to their participation in the Lifeline Wireless Program;
- Plaintiffs' evidence that they allegedly provided notice to Defendants that they were engaged in any such protected activities;
- Plaintiffs' communications with Plintron, as alleged at paragraph 117 of the TAC;
- Plaintiffs' communications with Braxton Carter as alleged at paragraphs 151-52 of the TAC;
- Plaintiffs' communications with Defendants;
- Plaintiffs' purported damages; and
- Plaintiffs' efforts to mitigate any such damages, including but not limited to, seeking and obtaining new employment after their positions with Sage Telecom were eliminated in July 2015, as part of the reduction in force.

With respect to a schedule for discovery to be completed, Defendants propose that percipient discovery be completed by March 2022.

(iii)   Any issues about disclosure, discovery, or preservation of electronically stored information, including the forms or forms in which it should be produced.

The parties agree that documents in the form of PDFs will be sufficient for initial production. Parties may make limited requests for certain documents in native or other format if necessary, after review of document production.

(iv)   Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including ESI and any agreements reached under Federal Rule of Evidence 502.

Evidence preservation holds are in place.  Parties will agree on a clawback agreement and a proposed stipulated protective order.

Plaintiffs' Position

Plaintiffs request that each party give each other 14 days' prior notice before requesting documents from third parties pursuant to a subpoena. If, within the 14-day period, a motion to quash or for protective order is filed concerning the document request, the subpoena shall not be served until the Court rules on the motion. Rule 45, Fed. R. Civ. Pro 45, requires notice of a subpoenas to other parties before service; however, the rule does not provide the number of days for prior notice. Fourteen days prior notice would provide the parties sufficient time to file any motions for protective orders to resolve any issues before a subpoena may be served to prevent any harm that might be caused by the service of the subpoena. Requiring a notice period is

regularly given by Courts and does not necessitate any prior advisory opinion by a Court. Indeed, Court's often order a stay of a subpoena pending a ruling on a motion for protective order regarding a subpoena. The notice period would obviate unnecessary emergency rulings by the Court.

Defendants have requested a protective order that includes not only confidential designations, but "attorney's eyes only" designations. Plaintiffs dispute the need for attorney's eyes only provisions. The provision is not necessary in this case, it constrains or violates an attorney's fiduciary duty of full disclosure and limits the attorney's ability, as an agent, to zealously represent his or her principal. It conflicts with ethical responsibilities as well, unnecessarily creating a conflict of interest with the client. This case does not involve competitors or patent issues. Indeed, TruConnnec depends on government subsidy and should be open to more disclosure rather than less. Designation of attorney's eyes only also contravenes the public's right to any right to open courts and disclosure of the use of public funds. Any issues which might necessitate attorney's eyes only could be resolved through specific identification of the documents sufficient for a court to rule on the matter or in extreme circumstances, *in camera* inspection.

Defendants' Position

With respect to third party subpoenas, the parties should follow the requirements of the Federal Rules of Civil Procedure (the "FRCP"). As Plaintiffs correctly note, Rule 45(a)(4) of the FRCP provides for notice to other parties before service of third party subpoenas. Defendants believe that this provision is sufficient to govern the parties' third party discovery. There is no need for an extra 14-day period to file motions to quash or for protective orders prior to the service of third party subpoenas. This extra 14-

day period will only delay proceedings and invite the expenditure of unnecessary resources by the Court and the parties. This is especially the case given that such motions *prior to service* of the subpoenas likely would seek inappropriate advisory opinions.

With respect to the stipulated protective order, it is common practice in Defendants' counsel experience, including in cases litigated in the District Court of the Central District of California, to include a "Highly Confidential – Attorneys' Eyes Only" tier in stipulated protective orders for documents and communications that contain highly confidential, non-public information, consisting of trade secrets, proprietary, or other highly confidential business, financial, regulatory, or strategic information, the disclosure of which would create a substantial risk of competitive or business injury to the producing party. (Indeed, Defendants used the Honorable Jacqueline Chooljian's form protective order as a model in editing the proposed protective order in this matter.)

The purpose for including a higher level of protection for competitively sensitive information is to facilitate the open exchange of documents and information, while also protecting litigants from potential competitive harm. Indeed, rather than "violating" an attorney's fiduciary or ethical responsibilities, as Plaintiffs allege, such provisions enhance the attorney's ability to satisfy his/her duty of diligence.

The parties are still at the initial stages of discovery in this matter. However, based on discovery requests already served by Plaintiffs (and without conceding that these requests are within the permissible scope of discovery, which Defendants intend to challenge at the appropriate time given the Court's order on Defendants' Motion to Dismiss the TAC), Defendants anticipate that certain documents and communications sought

will be exchanged more freely if Defendants are afforded the protections of a "Highly Confidential – Attorneys' Eyes Only" designation for, among other things, information about TruConnect Communications, Inc.'s business plans, proprietary operations, and strategy.  Plaintiffs have both alleged that they are telecommunications professionals.  (*See, e.g.*, TAC ¶¶ 70, 73, 74).  It is quite likely they have secured alternative employment within the telecommunications field, very possibly for Defendants' competitors.  Disclosure to Plaintiffs of Defendants' trade secrets could create a substantial risk of competitive or business injury, especially so because at all relevant times, Plaintiffs were employees of Sage Telecom, a separate and distinct entity from TruConnect.

(v)  Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.

Plaintiffs' position

None at this time.

Defendants' position

None at this time other than to state that discovery should be limited to Plaintiffs' remaining employment claims, given that the Court dismissed without leave to amend Plaintiffs' first through fourth causes of action in the TAC, under the federal and California False Claims Acts.  (Dkt. No. 87.)

(vi)  Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

The parties will submit a proposed stipulated protective order.

(vii) Complexity of the case. The complexity of the case, and whether all or part of the procedures of the Manual for Complex Litigation (current edition) should be utilized. Counsel may propose to the Court modifications of the procedures in the Manual to facilitate the management of a particular action.

The parties do not believe that the case is appropriate for the application of the Manual for Complex Litigation.

(viii) Motion Schedule. The dispositive or partially dispositive motions which are likely to be made, and a cutoff date by which all such motions shall be made.

<u>Plaintiffs' Position</u>

Plaintiffs propose a deadline for dispositive motions of January 28, 2022.

<u>Defendants' Position</u>

Defendants propose a deadline for dispositive motion filing of June 30, 2022.

(ix) ADR. Selection of one of the three ADR Procedures specified in L.R. 16-15.4 as best suited to the circumstance of the case, and when the ADR session should occur. For case in the Court-Directed ADR Program, counsel are directed to furnish and discuss with their clients the Notice to Parties of Court-Directed ADR Program in preparation for this conference. A settlement conference with a magistrate judge is generally not available for such cases.

The parties prefer ADR Procedure No. 3 (private dispute resolution). Plaintiffs propose a mediation deadline of June 1, 2022; Defendants propose a mediation deadline of September 30, 2022.

(x) Trial Estimate. A preliminary estimate of the time required for trial.

The parties estimate trial will take one week.

(xi) Additional Parties. The likelihood of appearance of additional parties.

<u>Plaintiffs' Position</u>
Plaintiffs may name Sage Telecom, Inc., Sage Telecom, LLC, or Plintron as additional parties.

Plaintiffs propose a deadline to add additional parties by November 1, 2021.

<u>Defendants' Position</u>
Plaintiffs failed to name Sage Telecom, an indispensable party to the action as it was Plaintiffs' employer at all relevant times, and it was the entity that terminated Plaintiffs' employment as part of an office-wide reduction in force.

(xii) Expert Witnesses. The proposed timing of the disclosures under F.R. Civ. P. 26(a)(2).

<u>Plaintiffs' Position</u>
Plaintiffs propose a deadline of November 15, 2021 for Plaintiffs' expert designations and a deadline of December 15, 2021 for Defendants' expert designations.

Parties must file any objections to experts within thirty (30) days of expert designation.

Supplementation of experts reports must be made within 30 days following the discovery deadline.

Defendants' Position

Defendants propose an expert report deadline of March 15, 2022, rebuttal expert report deadline of April 15, 2022, and an expert discovery cut-off of May 1, 2022.

(xiii) Amended Pleadings.

Plaintiffs propose a deadline to amend pleadings by November 1, 2021. Defendants do not oppose this deadline.

Respectfully submitted,

By: */s Brian P. Sanford*
Brian P. Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
David B. Norris
Texas Bar No. 24060934
dnorris@sanfordfirm.com

THE SANFORD FIRM
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Telephone: (214) 717-6653
Fax: (214) 919-0113

Kelli D. Burritt, Esq.
California Bar No. 192397
kelli@wmlawyers.com
WINER, BURRITT & TILLIS LLP
21700 Oxnard, Suite 2070
Woodland Hills, California 91367
Telephone: (818) 697-6201
Fax: (877) 641-0824

Attorneys for Plaintiffs/Relators

|   |   |
|---|---|
| By: | __/s/ Julia B. Cherlow_____ |
|   | Benjamin N. Gluck |
|   | bgluck@birdmarella.com |
|   | SBN 203997 |
|   | Paul S. Chan |
|   | pchan@birdmarella.com |
|   | SBN 183406 |
|   | Julia B. Cherlow |
|   | jcherlow@birdmarella.com |
|   | SBN 290538 |
|   | **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.** |
|   | 1875 Century Park East, 23rd Floor |
|   | Los Angeles, California 90067-2561 |
|   | Telephone: (310) 201- 2100 |
|   | Facsimile: (310) 201-2110 |
|   |   |
|   | Attorneys for Defendants |