Timothy J. Long (SBN CA 137591)
Michael A. Wertheim (SBN CA 291228)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Email: longt@gtlaw.com
Email: wertheimm@gtlaw.com

Attorneys for Defendant
TruConnect Communications, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| United States of America and the State of California ex rel. Regie Salgado and Melinda Zambrano,<br><br>        Plaintiffs and Realtors,<br>    vs.<br><br>TruConnect Communications, Inc., Matthew Johnson, and Nathan Johnson,<br><br>        Defendants. | CASE NO.  2:16-cv-03767-PSG-SKx<br><br>Assigned to Hon. Philip. S. Gutierrez<br><br>**JOINT EXHIBIT LIST**<br><br>Date:        July 14, 2022<br>Time:        9:00 a.m.<br>Place:        350 West 1st Street, 6th Fl.<br>                  Los Angeles, CA 90012<br>Courtroom.: 6A |

JOINT EXHIBIT LIST

Plaintiffs Regie Salgado and Melinda Zambrano and Defendant TruConnect Communications, Inc. (collectively, the "Parties") submit the following Joint Exhibit List pursuant to Local Rule 16-6 and this Court's Trial Order (Dkt. 112):

**Defendant's Proposed Exhibits:**

These designations are preliminary and conditional. Any agreement to introduction of documentary evidence depends on, among other things, evidentiary rulings by the Court, including on motions in limine, the purpose for which a document is sought to be admitted, and the offering party. In addition, only portions of documents may seek to be admitted.

| Exhibit Number | Description | Objection and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|
| 1 | Plaintiffs' Third Amended Complaint | | | |
| 2 | Plaintiffs' Response to TruConnect Communications, Inc.'s Interrogatories, Set One | *Inadmissible Hearsay [Fed. R. Evid. 801, 802]:* This is an out of court statement used for the truth of the matter asserted. It may only be used for impeachment purposes. | | |

2

JOINT EXHIBIT LIST

| | 3 | Plaintiffs' Response to TruConnect Communications, Inc.'s Requests for Production of Documents, Set One | *Inadmissible Hearsay [Fed. R. Evid. 801, 802]:* This is an out of court statement used for the truth of the matter asserted. It may only be used for impeachment purposes. | | |
|---|---|---|---|---|---|
| | 4 | Salgado Sage Employee Information Sheet (TRUCONNECT_000174-175) | | | |
| | 5 | Salgado Sage Paystub Sample (TRUCONNECT_000095) | | | |
| | 6 | Salgado Sage Texas Business and Marketing Code of Conduct (TRUCONNECT_000152) | | | |
| | 7 | June 13, 2015 – Zambrano email string to Salgado (Salgado_RB0002485-2487) | | | |
| | 8 (Marked 1 for Depo.) | Zambrano Sage Texas Business and Marketing Code of Conduct (TRUCONNECT_000110) | | | |
| | 9 (Marked 2 for Depo) | Zambrano Sage Do Not Call Process Employee Acknowledgment (TRUCONNECT_000113)* | | | |
| | 10 | Salgado Employment Profile (TRUCONNECT_000089-92) | | | |
| | 11 | Zambrano Employment Profile (TRUCONNECT_000085-88) | | | |
| | 12 | Zambrano Final Pay Stub (7/31/2015) (TRUCONNECT_000093) | | | |

3

JOINT EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| 13 | Salgado Final Pay Stub (7/31/2015) (TRUCONNECT_000094) | | | | |
| 14 | Salgado and Zambrano Pay Stubs (TRUCONNECT_000095-100) | | | | |
| 15 | Zambrano Offer Letter (TRUCONNECT_000101-102) | | | | |
| 16 | Zambrano Electronic Deposit Enrollment Form TRUCONNECT_000103)* | | | | |
| 17 | Zambrano Employee Management Center Form (TRUCONNECT_000104)* | | | | |
| 18 | Zambrano Sage Employee Acknowledgement and Consent to Receive Electronic Pay Stubs (TRUCONNECT_000104)* | | | | |
| 19 | Zambrano Sage Access Card Form (TRUCONNECT_000106)* | | | | |
| 20 | Zambrano Sage Benefits Acknowledgment (TRUCONNECT_000107)* | | | | |
| 21 | Zambrano Sage Email, Internet, Voice Mail and Computer Systems Policy Acknowledgment Form (TRUCONNECT_000108)* | | | | |
| 22 | Zambrano Sage Identity Theft Prevention Employee Acknowledgment (TRUCONNECT_000109)* | | | | |
| 23 | Zambrano Sage Slamming and Cramming Employee Acknowledgment (TRUCONNECT_000111)* | | | | |
| 24 | Zambrano Sage Drug Free Workplace Policy (TRUCONNECT_000112)* | | | | |
| 25 | Zambrano New Hire Checklist (TRUCONNECT_000114)* | | | | |

4

JOINT EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| 26 | Zambrano Eyemed Enrollment Forms (TRUCONNECT_000117-118)* | | | | |
| 27 | Zambrano Sage EEO Data Sheet (TRUCONNECT_000119)* | | | | |
| 28 | Zambrano Sage Nondiscrimination Policy (TRUCONNECT_000120-121) | | | | |
| 29 | Zambrano Sage Employee Information Sheet (TRUCONNECT_000122-123) | | | | |
| 30 | Zambrano Metlife Insurance Enrollment Form (TRUCONNECT_000132-135)* | | | | |
| 31 | Zambrano Blue Cross Enrollment Form (TRUCONNECT_000138-139)* | | | | |
| 32 | Salgado Offer Letter (TRUCONNECT_000144-145) | | | | |
| 33 | Salgado Employee Management Center Form (TRUCONNECT_000146-147)* | | | | |
| 34 | Salgado Sage Employee Acknowledgement and Consent to Receive Electronic Pay Stubs (TRUCONNECT_000148)* | | | | |
| 35 | Salgado Sage Access Card Form (TRUCONNECT_000149)* | | | | |
| 36 | Salgado Sage Email, Internet, Voice Mail and Computer Systems Policy Acknowledgment Form (TRUCONNECT_000150)* | | | | |
| 37 | Salgado Sage Identity Theft Prevention Employee Acknowledgment (TRUCONNECT_000151)* | | | | |

5

JOINT EXHIBIT LIST

| 38 | Salgado Sage Slamming and Cramming Employee Acknowledgment (TRUCONNECT_000153)* | | | |
|----|----|----|----|----|
| 39 | Salgado Sage Drug Free Workplace Policy (TRUCONNECT_000154)* | | | |
| 40 | Salgado Sage Do Not Call Process Employee Acknowledgment (TRUCONNECT_000155)* | | | |
| 41 | Salgado Sage Benefits Acknowledgment (TRUCONNECT_000156)* | | | |
| 42 | Salgado Sage EEO Data Sheet (TRUCONNECT_000157)* | | | |
| 43 | Salgado Unemployment Insurance Employer Response (TRUCONNECT_000158-59) | | | |
| 44 | Sage Fax Communication with Texas Workforce Commission (TRUCONNECT_000160-61)* | | | |
| 45 | Salgado New Hire Checklist (TRUCONNECT_000162)* | | | |
| 46 | Salgado Eyemed Enrollment Forms (TRUCONNECT_000163)* | | | |
| 47 | Salgado Termination Checklist (TRUCONNECT_000165) | | | |
| 48 | Salgado Electronic Deposit Enrollment Form TRUCONNECT_000170)* | | | |
| 49 | Salgado Sage Nondiscrimination Policy (TRUCONNECT_000172-173) | | | |
| 50 | Salgado Metlife Insurance Enrollment Form (TRUCONNECT_000186-189)* | | | |

6

JOINT EXHIBIT LIST

| | | |
|---|---|---|
| 51 | Dr. Barbara Meiers Treatment Records (TRUCONNECT_000200-239)* (marked CONFIDENTIAL) | | | |
| 52 | M. Johnson email dated 1/27/15 (TRUCONNECT_000240-241)* (marked CONFIDENTIAL) | | | |
| 53 | Headcount analysis (TRUCONNECT_000242-253) (marked CONFIDENTIAL) | | | |
| 54 | T. Pavek email dated 10/22/2015 (TRUCONNECT_000254-258) (marked CONFIDENTIAL) | | | |
| 55 | T. Pavek email dated 9/17/2015 (TRUCONNECT_000269-276) (marked CONFIDENTIAL) | | | |
| 56 | RIF Spreadsheet (TRUCONNECT_000277-280) (marked CONFIDENTIAL) | | | |
| 57 | Sage Employee List (TRUCONNECT_000285-288) (marked CONFIDENTIAL) | | | |
| 58 | Salgado email dated 7/13/2015* (Salgado_RB0002476-2478) | | | |
| 59 | Salgado email dated 7/6/2015* (Salgado_RB0002479) | | | |
| 60 | Zambrano email dated 7/13/2015* (Salgado_RB0002485-2487) | | | |
| 61 | Salgado email dated 7/13/2015* (Salgado_RB0002569-70) | | | |
| 62 | Salgado Resume* (Salgado_RB0002571-2572) | | | |

7

JOINT EXHIBIT LIST

| 63 | Del Col email dated 7/13/2015* (Salgado_RB0002631-2633) | | | |
| 64 | Melinda Zambrano (Hudson) Resume* (Salgado_RB0002634-2635) | | | |
| 65 | W-2 2015 (Salgado_RB0002645)* | | | |
| 66 | W-2 2016 (Salgado_RB0002646) | | | |
| 67 | W-2 2017 (Salgado_RB0002647)* | | | |
| 68 | Texas Workforce Commission Tax Form (Salgado_RB0002648)* | *Inadmissible Hearsay [Fed. R. Evid. 801, 802]:* This is an out of court statement used for the truth of the matter asserted. It may only be used for impeachment purposes.<br><br>*Privacy:* Mr. Salgado's SSN is not redacted. | | |
| 69 | W-2 2017 (Salgado_RB0002649)* | | | |
| 70 | W-2 2018 (Salgado_RB0002650)* | | | |

JOINT EXHIBIT LIST

ACTIVE 59572373v1

| 71 | Texas Workforce Commission Tax Form (Salgado_RB0002651)* | *Inadmissible Hearsay [Fed. R. Evid. 801, 802]:* This is an out of court statement used for the truth of the matter asserted. It may only be used for impeachment purposes.<br><br>*Privacy:* This document contains private information about Mr. Salgado.<br><br>*Irrelevant [Fed. R. Evid. 401, 402]:* This document is not needed to prove any of Defendant's affirmative defenses or rebut any part of Plaintiffs' case. Lost wages may be calculated from Plaintiffs' W-2s. | | |
| --- | --- | --- | --- | --- |
| 72 | W-2 2020 (Salgado_RB0002652)* | | | |
| 73 | W-2 2018 (Salgado_RB0002654)* | | | |
| 74 | W-2 2017 (Salgado_RB0002655)* | | | |
| 75 | W-2 2017 (Salgado_RB0002656)* | | | |
| 76 | W-2 2017 (Salgado_RB0002657)* | | | |

JOINT EXHIBIT LIST

ACTIVE 59572373v1

| 77 | Texas Workforce Commission Tax Form (Salgado_RB0002658)* | *Inadmissible Hearsay [Fed. R. Evid. 801, 802]:* This is an out of court statement used for the truth of the matter asserted. It may only be used for impeachment purposes.<br><br>*Privacy:* This document contains private information about Mr. Salgado.<br><br>*Irrelevant [Fed. R. Evid. 401, 402]:* This document is not needed to prove any of Defendant's affirmative defenses or rebut any part of Plaintiffs' case. Lost wages may be calculated from Plaintiffs' W-2s. | | |
| --- | --- | --- | --- | --- |
| 78 | W-2 2015 (Salgado_RB0002659)* | | | |

10

JOINT EXHIBIT LIST

| | 79 | Counterclaims, *Sage Telecom v. Zambrano et al.,* Dallas County Case No. DC-22-00028 | *Inadmissible Hearsay [Fed. R. Evid. 801, 802]:* This is an out of court statement used for the truth of the matter asserted. It may only be used for impeachment purposes.<br><br>*Irrelevant [Fed. R. Evid. 401, 402]* These documents are not relevant to any of the remaining claims or defenses for trial. | | |
| --- | --- | --- | --- | --- | --- |
| | 80 | Defendants'/Counter Plaintiffs' Response to Sage Telecom, Inc.'s Motion to Dismiss, *Sage Telecom v. Zambrano et al.,* Dallas County Case No. DC-22-00028 | *Inadmissible Hearsay [Fed. R. Evid. 801, 802]:* This is an out of court statement used for the truth of the matter asserted. It may only be used for impeachment purposes.<br><br>*Irrelevant [Fed. R. Evid. 401, 402]* These documents are not relevant to any of the remaining claims or defenses for trial | | |

11

JOINT EXHIBIT LIST

**Plaintiffs' Exhibit List**

| No. of Exhibit | Description | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|
| 15 | Zambrano Offer Letter – Truconnect 101-102 | | | |
| 32 | Salgado Offer Letter – Truconnect 144-145 | | | |
| 200 | Truconnect Org Chart – Salgado 117062 | *Lacks Personal Knowledge, Speculative; Lacks Foundation [Fed. R. Evid. 602]:* Defendant did not create this corporate structure chart, and thus, the creator of this chart lacks personal knowledge of the contents contained in this chart. Further, the contents of this chart are unsupported opinions of Plaintiffs, who have no basis for their speculations as to how Defendant company is organized. The chart is speculative because it is a chart showing the alleged corporate structural organization of Defendant company, but was created by Plaintiffs or another unidentified third party, not Defendant. Plaintiffs do not have personal knowledge of the corporate structure of Defendant company, so the chart is based on pure speculation, not on personal knowledge. *Lacks Authentication [Fed. R. Evid. 901]:* | | |

12

JOINT EXHIBIT LIST

The creator of the document is unidentified and unknown.

*Irrelevant [Fed. R. Evid. 401, 402]* The chart is not relevant to any claims or defenses in the case because the corporate structural organization of the unidentified corporation (presumably Defendant) is not at issue in the action and does not support any claims or defenses.

*Unfairly prejudicial, Misleading [Fed. R. Evid. 403]:* The chart is unfairly prejudicial to Defendant because it was not created by Defendant but was created by Plaintiffs to appear as if it is a formal company-created document (it is not). The chart thus will mislead the jury into thinking that Defendant created the chart, or that the contents of the chart are true. The chart is unfairly prejudicial because the contents are not correct or true, and were based on speculations of parties who lack personal knowledge.

*Inadmissible Hearsay [Fed. R. Evid. 801, 802]:* The document contains inadmissible hearsay statements because it is a chart showing the alleged organizational structure of an unidentified company. The statements on the chart are from unidentified third parties made out of court that are being offered for its truth-- that the company is structured or

13

JOINT EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | | organized in this way. Consequently, it is inadmissible hearsay. | | |
| 54 | Email re: Headcount list – Truconnect 254-256 | This document was produced "confidential" per the Protective Order. | | |
| 201 | Email re: Churn, July 13, 2015, Salgado 117167-117168 | *Inadmissible Hearsay [Fed. R. Evid. 801, 802]*<br><br>While it is impossible to discern which specific statements Plaintiffs are relying on un this exhibit (which is a series of emails), to the extent Plaintiffs rely on statements made by anyone other than Plaintiffs, or by a person who was not a "party opponent" at the time the statements were made, and offer such statements to prove the truth of the matter asserted, the statements are inadmissible hearsay. | | |
| 202 | Email re: Phone issues = usage issues, January 15, 2015, Salgado 117170-117173 | *Lacks Authentication [Fed. R. Evid. 901]:*<br>The emails are from Joe Phillips of Plintron Americas, unrelated third parties to this case who are not in court to testify as to the authenticity of the emails.<br><br>*Irrelevant [Fed. R. Evid. 401, 402]:* These emails are not relevant to any of the remaining claims or defenses for trial. Further, theses emails are irrelevant because they are from January 2015, months before any | | |

14

JOINT EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | | Plaintiff began employment. *Inadmissible Hearsay [Fed. R. Evid. 801, 802]* Plaintiffs are not the author of this document. While it is impossible to discern which specific statements Plaintiffs are relying on un this exhibit (which is a series of emails), to the extent Plaintiffs rely on statements made by anyone other than Plaintiffs, or by a person who was not a "party opponent" at the time the statements were made, and offer such statements to prove the truth of the matter asserted, the statements are inadmissible hearsay. *Unfairly prejudicial, Misleading, confuses the issues [Fed. R. Evid. 403]:*  The emails are unfairly prejudicial in that it is from January 2015, before Plaintiffs began employment, and they are emails from an unrelated third party to this case concerning business with a third party that is unrelated to the claims and defenses of this case, and thus confuses the issues and will mislead the jury. | | |
| 203 | Email re: phones ringing, June 26, 2015 | *Lacks Personal Knowledge, Speculative; Lacks Foundation [Fed. R. Evid. 602]:* This unidentified document with no bates range is not known to Defendant. It is unclear who the | | |

15

JOINT EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | | author is, or how Plaintiffs have personal knowledge of its contents. | | |
| | | *Lacks Authentication [Fed. R. Evid. 901]:* To the extent this refers to emails from Luke Duval - The emails are from a non-party, non-employee, who was employed by a third-party Ingram Micro. This would be hearsay as unrelated third parties to this case who are not in court to testify as to the authenticity of the emails would be inadmissible. | | |
| | | On the same basis, and without knowing which document this is – it is *Irrelevant [Fed. R. Evid. 401, 402]* and *Lacks Authentication [Fed. R. Evid. 901]:* The creator of the document is unidentified and unknown. | | |
| | | *Defendant reserves the right to assert additional objections to this unidentified document.* | | |
| 204 | Email re: Dallas Staff and January RIF, January 27, 2015 | *Lacks Personal Knowledge, Speculative; Lacks Foundation [Fed. R. Evid. 602]:* This unidentified document with no bates range is not known to Defendant. It is unclear who the author is, or how Plaintiffs have personal knowledge of its contents. On the same basis, and without knowing which document this is – | | |

16

JOINT EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | | | it is *Irrelevant [Fed. R. Evid. 401, 402]* and *Lacks Authentication [Fed. R. Evid. 901]:* The creator of the document is unidentified and unknown.<br><br>*Irrelevant [Fed. R. Evid. 401, 402]:* These documents purport to predate Plaintiffs' employment with Sage Telecom. It is unclear what probative value they have.<br><br>*Unfairly prejudicial, Misleading, confuses the issues [Fed. R. Evid. 403]:*  To the extent these documents refer to confidential documents produced by Defendant, they are not probative of anything related to Plaintiffs' claims, and are misleading as these provide no context related to Plaintiffs or their employment.<br><br>*Defendant reserves the right to assert additional objections to this unidentified document.* | | |
| | 205 | Truconnect Sec. of State Information | *Inadmissible Hearsay [Fed. R. Evid. 801, 802]*<br><br>While it is impossible to discern which specific statements Plaintiffs are relying on un this exhibit (which is unidentified "Information"), to the extent Plaintiffs rely on statements made to prove the truth of the matter asserted, the statements are inadmissible hearsay absent an applicable hearsay exception. | | |

JOINT EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | | | *Lacks Authentication [Fed. R. Evid. 901]:* The creator of the document is unidentified and unknown. *Defendant reserves the right to assert additional objections to this unidentified document.* | | |
| 206 | | 2G and 3G Phone example – Salgado 102518, 102700, 102691 | *Irrelevant [Fed. R. Evid. 401, 402]* These documents are not relevant to any of the remaining claims or defenses for trial. *Lacks Authentication [Fed. R. Evid. 901]:* The creators of the documents are not in court to testify as to the authenticity of the emails. *Inadmissible Hearsay [Fed. R. Evid. 801, 802]:* The document contains inadmissible hearsay statements because it contains statements made out of court that are being offered for their truth. *Lacks Lacks Foundation [Fed. R. Evid. 602]:* These documents are unsupported and have no foundation. It is uncertain where these documents came from, what they reference, who created them, and their overall context. | | |
| 207 | | Email re: idiotville, Truconnect 261-264 | *Unfairly prejudicial, Misleading [Fed. R. Evid. 403]:* The statement is unfairly prejudicial in that it is one email from Matthew | | |

18

JOINT EXHIBIT LIST

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | Johnson to his brother Nathan Johnson that does not identify who he is referring to, or what he is referring to in the email. The email has no context, and has no probative value.<br><br>This document was also produced as "Confidential" per the Protective Order.<br><br>*Irrelevant [Fed. R. Evid. 401, 402]* These documents are not relevant to any of the remaining claims or defenses for trial. |  |  |
| 208 | Email re: $6 million PO – Truconnect 281-283 | This document was produced as "Confidential" per the Protective Order.<br><br>*Irrelevant [Fed. R. Evid. 401, 402]* These documents are not relevant to any of the remaining claims or defenses for trial. |  |  |
| 51 | Zambrano Medical Records – Truconnect 200-239 |  |  |  |
| 209 | Email re: Terminations – Truconnect 169 |  |  |  |
| 210 | Email re: California Lifeline Wireless, April 6, 2015 – Salgado – 117118- | *Irrelevant [Fed. R. Evid. 401, 402]* These emails are not relevant to any of the remaining claims or defenses for trial.<br><br>*Inadmissible Hearsay [Fed. R. Evid. 801, 802]* |  |  |

19

JOINT EXHIBIT LIST

| | | 117112 | While it is impossible to discern which specific statements Plaintiffs are relying on un this exhibit, to the extent Plaintiffs rely on statements made to prove the truth of the matter asserted, the statements are inadmissible hearsay absent an applicable hearsay exception. | | |
|---|---|---|---|---|---|
| 211 | | Email re: usage detail – Salgado 117130 | *Irrelevant [Fed. R. Evid. 401, 402]* These documents are not relevant to any of the remaining claims or defenses for trial.<br><br>*Inadmissible Hearsay [Fed. R. Evid. 801, 802]*<br><br>While it is impossible to discern which specific statements Plaintiffs are relying on un this exhibit, to the extent Plaintiffs rely on statements made to prove the truth of the matter asserted, the statements are inadmissible hearsay absent an applicable hearsay exception. | | |
| 212 | | Email re: new Truconnect LA office – Salgado 117152-117154 | *Unfairly prejudicial, Misleading, confuses the issues [Fed. R. Evid. 403]:*  The email is misleading and confuses the issues as there is no context related to the opening of an office in California.<br><br>*Inadmissible Hearsay [Fed. R. Evid. 801, 802]*<br><br>While it is impossible to discern | | |

20

JOINT EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | | | which specific statements Plaintiffs are relying on un this exhibit, to the extent Plaintiffs rely on statements made to prove the truth of the matter asserted, the statements are inadmissible hearsay absent an applicable hearsay exception. | | |
| 213 | | Email re: good feedback on Regie, June 4, 2015 – Salgado 117158 | *Inadmissible Hearsay [Fed. R. Evid. 801, 802]:* The email contains inadmissible hearsay statements because Eric Milhizer writes in the email "I've had a couple of people recently mention…" which is double hearsay in that it is a statement within a statement. The statements are from unidentified third parties ("a couple of people") made out of court that are being offered for its truth-- that Regie Salgado is "very detail oriented and really helping out well with fulfillment." Consequently, it is inadmissible hearsay.<br><br>*Unfairly prejudicial, Misleading, confuses the issues [Fed. R. Evid. 403]:* The email is misleading and confuses the issues because opinions about working with Regie Salgado is not proof of Regie Salgado's work performance at the company for purposes of his termination. Thus, this email is unfairly prejudicial to Defendant if admitted. | | |
| 214 | | Email re: $2M in | *Unfairly prejudicial, Misleading, confuses the issues [Fed. R. Evid.* | | |

21

JOINT EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | | credit, April 10, 2015 – Salgado 117159-117160 | *403]:*  The email is misleading and confuses the issues because employee opinions thanking Melinda Zambrano for doing her job on a single day of her employment (April 10, 2015) is not proof of her entire work performance for purposes of her termination. Thus, this email is unfairly prejudicial to Defendant if admitted.<br><br>*Inadmissible Hearsay [Fed. R. Evid. 801, 802]*<br><br>While it is impossible to discern which specific statements Plaintiffs are relying on un this exhibit, to the extent Plaintiffs rely on statements made to prove the truth of the matter asserted, the statements are inadmissible hearsay absent an applicable hearsay exception.<br><br>*Irrelevant [Fed. R. Evid. 401, 402]* These documents are not relevant to any of the remaining claims or defenses for trial. | | |
| | 215 | Email re: initial roll out plan, March 2015 – Salgado 117174-117177 | *Irrelevant [Fed. R. Evid. 401, 402]* These emails are not relevant to any of the remaining claims or defenses for trial.<br><br>*Inadmissible Hearsay [Fed. R. Evid. 801, 802]*<br><br>While it is impossible to discern which specific statements | | |

22

JOINT EXHIBIT LIST

*ACTIVE 59572373v1*

| | | | | |
|---|---|---|---|---|
| | | Plaintiffs are relying on un this exhibit, to the extent Plaintiffs rely on statements made to prove the truth of the matter asserted, the statements are inadmissible hearsay absent an applicable hearsay exception. | | |
| 216 | Email re: Dlink Sell Through 7/8, July 2015, Salgado 102763-102764 | *Irrelevant [Fed. R. Evid. 401, 402]* These emails are not relevant to any of the remaining claims or defenses for trial. <br><br> *Inadmissible Hearsay [Fed. R. Evid. 801, 802]* <br><br> While it is impossible to discern which specific statements Plaintiffs are relying on un this exhibit, to the extent Plaintiffs rely on statements made to prove the truth of the matter asserted, the statements are inadmissible hearsay absent an applicable hearsay exception. | | |
| 217 | Purchase Orders – Salgado 102895, 102743, 102586, 102896, 102899 | *Inadmissible Hearsay [Fed. R. Evid. 801, 802]* <br><br> While it is impossible to discern which specific statements Plaintiffs are relying on un this exhibit, to the extent Plaintiffs rely on statements made to prove the truth of the matter asserted, the statements are inadmissible hearsay absent an applicable hearsay exception. <br><br> *Irrelevant [Fed. R. Evid. 401, 402]* These documents are not relevant to any of the remaining | | |

JOINT EXHIBIT LIST

*ACTIVE 59572373v1*

| | | claims or defenses for trial.<br><br>*Lacks Personal Knowledge, Speculative; Lacks Foundation [Fed. R. Evid. 602]:* It is unclear who created these documents, and therefore Plaintiffs lack personal knowledge to lay a foundation for such documents or authenticate such documents. | | |
|---|---|---|---|---|

Respectfully submitted,

Dated: June 10, 2022                    GREENBERG TRAURIG, LLP


By:   */s/ Michael Wertheim*
Timothy Long
Michael Wertheim
Attorneys for Defendant TruConnect
Communications, Inc.

DATED:  June 10, 2022          SANFORD FIRM

By:      /s/ *Elizabeth Sanford*
Brian P. Sanford
Elizabeth Sanford
Attorneys for Plaintiffs-Relators
MELINDA ZAMBRANO and REGIE
SALGADO

JOINT EXHIBIT LIST

ACTIVE 59572373v1

# **ATTESTATION**

All signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing pursuant to Local Rule 5-4.3.4(a)(2)(i).

DATED:  June 10, 2022                    GREENBERG TRAURIG, LLP

                                         By:   /s/ *Michael Wertheim*
                                               TIMOTHY J. LONG
                                               MICHAEL WERTHEIM
                                               Attorney for Defendant
                                               TRUCONNECT
                                               COMMUNICATIONS, INC.

JOINT EXHIBIT LIST

ACTIVE 59572373v1